# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2045V

|  |  |
|---|---|
| MELANIE CLIVER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2024 |

*Phyllis Widman*, Widman Law Firm, LLC, Northfield, NJ, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 20, 2021, Melanie Cliver filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – shoulder injury related to vaccine administration as a result of an October 23, 2019 vaccination. *See* Petition at 1. On May 9, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 8, 2023, Petitioner filed a motion for attorney's fees and costs, requesting an award of $26,798.85. ECF No. 42. This amount consists of $24,142.25 in fees and costs incurred by counsel by the Widman Law Firm, and $2,185.35 in fees and costs incurred by counsel's prior firm - Kotleer, Hernandez & Cohan. Motion at 2. In accordance with General Order No. 9, Petitioner also filed a signed statement indicating that she incurred out of pocket expenses in the amount of $471.25. *Id.* at 29.

Respondent reacted to the motion on February 21, 2024, noting that he defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case, and likewise defers resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 43. Petitioner filed no reply.

On February 22 - 23, 2024, Petitioner advised that the fees motion should be deemed final in nature, and not an interim request. Petitioner further advised that the motion for attorney fees and costs would be considered ripe after the Decision and Judgment on the underlying claim have entered, unless supplementation was needed. *See* Informal Communication (Remark) entered February 28, 2024. On May 17, 2024, Petitioner stated that she would not supplement her fees request, and on May 20, 2024 Respondent likewise noted that he would not file any supplemental response. *See* Informal Communication (Remark) entered May 21, 2024.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See*

2

*Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. Widman Law Firm, LLC

Petitioner requests the following hourly rates for attorney Phylis Widman; $375.00 per hour for time billed in 2021; $400.00 per hour for work performed in 2022; and $480.00 per hour for time billed in 2023. Motion at 2. The rates requested for 2021-22 are consistent with prior determinations and will therefore be awarded herein, but the requested rate for 2023 requires adjustment.

Ms. Widman was previously awarded the rate of $420 per hour, for all time billed in 2023, *less* than what is being requested herein. *See Elder v. Sec'y of Health & Hum. Servs.,* No. 21-0028V, 2023 WL 4196770 (Fed. Cl. Spec. Mstr. May 6, 2023). Retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g., *Ramirez* v. *Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him"). I find no reason to deviate from these previously established rates, and therefore reduce the 2023 rate to be consistent with *Elder.* Application of the foregoing reduces the amount of fees to be awarded herein by **$918.00**.[3]

B. Kotler, Hernandez & Cohen

---

[3] This amount consists of $480.00 - $420.00 = $60.00 x 15.30 hrs = $918.00.

3

Petitioner requests $2,110.00 in legal fees incurred by prior counsel, Kotler, Hernandez, & Cohen. Motion at 5 – 6. The rates requested are between $75.00 - $225.00 per hour. I find the overall amount to be reasonable and hereby award it herein.

## ATTORNEY COSTS

Petitioner requests $402.00 in costs incurred by attorney Phylis Widman and $75.35 in costs incurred at prior firm, Kotler, Hernandez & Cohen. Motion at 2. Additionally, Petitioner requests a total of $471.25 in costs personally incurred in obtaining medical records. *Id.* at 29. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $25,880.85 as follows:**

- **$23,224.25, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Widman Law Firm; and**

- **$2,185.35, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Kotler, Hernandez & Cohen; and**

- **$471.25, representing reimbursement for Petitioner's personal costs, in the form of a check payable to Petitioner solely.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.